# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2121 | **DATE** | 2/28/2011 |
| **CASE TITLE** | Centerpoint Energy Services, Inc. Vs. WR Property Management LLC et al | | |

**DOCKET ENTRY TEXT**

For the following reasons, the Court grants in part Defendants' Motion to Compel and denies CenterPoint's Motion for Fees.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

  Defendants Cameel Halim and Hoda Halim ("Defendants") move the Court to compel plaintiff CenterPoint Energy Services, Inc. ("CenterPoint") to produce certain documents requested during discovery. CenterPoint, in its sur-reply, moves the Court to deny Defendants' request and to grant CenterPoint its fees and costs incurred for opposing Defendants' motion. Defendants object to CenterPoint's filing of a sur-reply. For the following reasons, the Court grants in part Defendants' Motion to Compel and denies CenterPoint's Motion for Fees.

  The Court previously granted CenterPoint's Motion to Strike Defendants' affirmative defense relating to assumption of the risk on December 17, 2010. In doing so, the Court held that Defendants' assumption of the risk affirmative defense was neither adequately pled nor legally sufficient. Moreover, the Court held that assumption of the risk is not a valid affirmative defense to allegations of fraud. Defendants conceded this last point in oral argument before the Court at the presentment of their Motion to Compel on February 1, 2010. Defendants have not sought to replead this affirmative defense.

  Defendants now seek to compel from CenterPoint: (1) all documents relating to CenterPoint's policies or standards for extending credit from May 2005 to April 30, 2008; (2) all documents utilized by CenterPoint in extending credit to Wilmette Real Estate & Management Company ("Wilmette"); and (3) all documents relating to any demand or request by CenterPoint that Wilmette provide CenterPoint with new or additional credit information during the terms of their agreements.

  CenterPoint responds that these documents are relevant only to an assumption of the risk affirmative defense, which is no longer available to Defendants. CenterPoint, however, concedes that documents related to its actual knowledge of Wilmette's capitalization and assets at the time the two parties entered into the

| STATEMENT |
|---|

Energy Services Agreement in September 2006 may be relevant and discoverable by Defendants.

    The Court finds that in the absence of an assumption of the risk affirmative defense, the only relevant documents that Defendants may seek are those related to CenterPoint's actual knowledge of Wilmette's capitalization and assets at the time the two parties entered into their agreement in September 2006 and at any point where CenterPoint extended credit to Wilmette. Documents regarding CenterPoint's actual knowledge of Wilmette's capitalization during this time go directly to CenterPoint's understanding of the agreement and are relevant to its attempts to pierce the corporate veil. As such, the Court grants Defendants' Motion to Compel with regards to this limited purpose. To the extent that Defendants' Motion to Compel seeks documents beyond CenterPoint's knowledge of Wilmette's assets, those documents are not relevant to CenterPoint's attempt to pierce the corporate veil in this action and are therefore beyond the scope of discoverable material.

    For the reasons stated, the Court grants in part Defendants' Motion to Compel documents relating to CenterPoint's actual knowledge of Wilmette's capitalization and assets. Because the Court grants in part Defendants' Motion to Compel, it does not award costs to CenterPoint. As the Court did not rely on CenterPoint's sur-reply in making its decision, Defendants' objection to the sur-reply is moot.