IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTERPOINT ENERGY SERVICES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 10 C 2121 |
| | ) | |
| WR PROPERTY MANAGEMENT, LLC, | ) | Judge Virginia M. Kendall |
| CAMEEL HALIM, HODA HALIM, THE | ) | |
| CAMEEL HALIM LIVING TRUST DATED | ) | |
| OCTOBER 24, 1996, and THE HODA HALIM | ) | |
| LIVING TRUST DATED OCTOBER 24, 1996, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Centerpoint Energy Services ("Plaintiff" or "CES") sued WR Property Management, LLC ("WR"), Cameel Halim and Hoda Halim (together the "Halims") and the Cameel Halim Living Trust and the Hoda Halim Living Trust (together the "Trusts") for fraudulent transfer, successor liability, and alter ego. These claims were brought in furtherance of CES' efforts to collect a judgment of approximately $1.7 million obtained by CES against Wilmette Real Estate & Management, LLC ("Wilmette") in Illinois state court. This court awarded summary judgment in favor of CES against the Halims for fraudulent transfer and against WR for successor liability thereby mooting CES' alter ego claim against the Halims and the Trusts. In doing so, this court granted contractual damages in the amount of the state court judgment together with attorneys' fees, costs and interest due to CES under the original contract with Wilmette, and reduced the fraudulent transfer amounts to a money judgment against the Halims.

1

This Court referred the dispute as to attorneys' fees, costs and interest to Magistrate Judge Morton Denlow, who issued a Report and Recommendation (the "R&R") recommending a total award of $2,597,323.30, consisting of:

- $1,678,449.16, the state court judgment;
- $405,582.80 in interest at the Illinois statutory rate of 9% on the entire judgment through August 12, 2012 (and accruing at $413.86 per diem through entry of final judgment);
- $408,712.00 in attorneys' fees through August 12, 2012; and
- $104,579.34 in costs and expenses through August 12, 2012.

WR and the Halims have each objected to the R&R on several grounds. Additionally, the Halims and the Trusts have each moved to strike portions of CES' response to those objections. A district court reviews *de* novo any portion of a magistrate judge's report and recommendation to which specific written objections have been filed. Fed. R. Civ. P. 72(b). For the reasons stated herein, each of the Halims' and WR's objections are overruled other than a reduction of $413.86 in interest owed. The motions to strike Part III of CES' response brief are denied as moot.

## OBJECTIONS

I.  *Objection: Money Judgment Against the Halims (Halim Objection 1).*

The Halims' first objection to the R&R does not actually concern Judge Denlow's recommendations in the R&R at all. Rather, it concerns this Court's June 25, 2012 clarification of its November 10, 2011 summary judgment opinion that the judgment against the Halims under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS § 160/5(a)(2)(B) and 6(a), for

which the Court ordered the levy/execution of the proceeds of the fraudulent transfers under §160/8(b), could properly be reduced to a money judgment via §160/9.

Objections to the R&R are not an appropriate forum for seeking to reconsider an order of this Court. In fact, the June 25, 2012 clarification order was itself a response to the arguments on this issue contained in the original fee motion. The Court issued that clarification order in recognition of the fact that the Halims' money judgment arguments in the attorneys' free briefing were effectively arguments to reconsider the summary judgment opinion and appropriate before this Court rather than Magistrate Judge Denlow. The Halims recognize that the R&R followed this Court's rulings contained in the June 25, 2012 order and stress that the reiteration of these objections is mainly to preserve the issue on appeal. The Court accepts them as such; these arguments have already been raised through the original briefing on the fee determination and have already been addressed by this Court as motions to clarify and/or reconsider the November 2011 summary judgment opinion.

II. *Objection: fee petition is procedurally improper (Halim Objections 2,5,8; WR Objections 1,2).*

Both the Halims and WR object to calculation of attorney's fees, costs, and post-state-court-judgment interest through the vehicle of a fee petition. Local Rule 54.3 provides a means for parties to exchange billing records and fee information in order to foster consensual resolution of fee disputes to the extent possible as well as to encourage a cooperative approach to presenting remaining fee disputes to the Court for resolution. *See* L.R. 54.3.

First, the Halims and WR object that any post-state-court-judgment fees, costs and expenses merged into the state court judgment and are therefore barred. As with the Halims' objection regarding the reduction to money judgment, this argument is in fact a motion to

reconsider the summary judgment opinion that the Court has already addressed and rejected in the June 25, 2012 clarification order.

Second, the Halims and WR object that the *amount* of the attorneys' fees, costs, and expenses post-state-court-judgment, being contractual damages under the CES contract with Wilmette, are substantive damages that must be proved reasonable at trial or by way of a Rule 56 motion. The Defendants are correct that the award of "interest, attorneys' fees and costs" in the November 2011 summary judgment opinion was a portion of an award of contractual damages. The Halims now take the position that a genuine issue of material fact exists as to the reasonableness of attorneys' fees and costs that, under Texas law, requires a separate Rule 56 motion or a trial solely as to the attorney's fees and costs.

Magistrate Judge Denlow directly addressed this point in his R&R. *See* R&R at 11. This Court granted summary judgment in favor of CES but did not enter the amount of the damages, instead requesting further briefing from the parties. CES' motion for fees, and the Defendants' responses, fully briefed the open issues regarding fees and contained specific itemization of the attorneys' fees incurred by CES and the Halims' and WR's objections to those fees as unreasonable. Magistrate Judge Denlow reviewed Texas law and determined correctly that in circumstances such as these the fees remain pre-judgment and it is appropriate under both federal procedure and Texas state law to determine an award of reasonable fees and costs. *See, e.g., CSMG Techs., Inc. v. Allison*, 2009 WL 2242351 at *2-3 (S.D. Tex. July 24, 2009). Therefore, Magistrate Judge Denlow rightly concluded that his review before entry of a final amount of damages in this action was consistent with both federal procedure and Texas law. He also addressed under Texas law the single substantive legal issue regarding the fees, segregation of

fees between Defendants (addressed separately in Section V below) before addressing the reasonableness of the amount of the fee award.

Finally, the Halims object generally to including any interest discussion in a Local Rule 54.3 motion because it is not strictly proper to include anything other than fees in a motion brought pursuant to Local Rule 54.3. The Halims offer no alternative as to where an interest discussion should take place; presumably the Halims merely wanted the interest filed as a separate motion simultaneous to the motion for award of reasonable fees and costs. Given that the interest amount was in dispute alongside fees and costs, the Court has no concern with CES having made the practical decision to add the interest dispute as a subsection in the fee motion rather than filing it as a separate motion on the same day.

Especially with regard to this final objection as to the interest calculation, it bears mention that Halims' objections to the use of Local Rule 54.3 to determine the reasonableness of fees and interest shows a frustrating disrespect for this Court's time and resources. Defendants have repeatedly preserved their objections as to both liability and damages for purposes of any appeal in this action. Defendants conceded in response to CES' fee petition that more than 60% of the fees charged by CES are reasonable, yet strenuously objected to CES' sensibly proposed fee reduction to 80% of fees charged – a figure that Magistrate Judge Denlow found completely appropriate for this case. Defendants now add insult to injury by pointing fingers at CES for employing the structure of a local rule specifically designed to encourage parties to resolve fee disputes outside of court, thereby helping to minimize the burden placed on the court in determining the appropriate fee award. Local Rule 54.3 provides, in no uncertain terms, that any agreement made between the parties as to fees does not affect the parties' right to appeal the fee order, or to seek to have it altered or vacated based on appellate proceedings affecting the

underlying judgment. *See* L.R. 54.3(c). CES' reliance on the procedures set forth in Local Rule 54.3 was a sensible approach to concluding this case and Magistrate Judge Denlow's order a sensible resolution over the remaining disputed fees, but the appropriateness of this approach was certainly lost on the Halims.

> III. *Objection: Halims not liable for post-state-court-judgment interest (Halim Objection 3).*

The Halims also object to the R&R's determination that the Halims are liable for any amount of interest on the state court judgment. According to the Halims, the November 2011 summary judgment found that WR is the successor-in-interest to Wilmette, and no party disputes that Wilmette owes interest on the amount of the state court judgment to CES, WR is liable for the interest to CES. But because the Court did not find that the Halims are individually liable for the interest, the Halims argue that they should be exempt from payment of the interest.

The Halims confuse the *basis* for liability with the *amount* of liability. This Court has already ruled that the Halims fraudulently transferred $10 million from Wilmette, an amount significantly in excess of the state court judgment and the interest owed on that judgment. As a result of the finding of fraudulent transfer, the Court ordered an avoidance of the transfer and/or a levy execution on the proceeds of the fraudulent transfers under 740 ILCS §160/8 and the reduction of the transfer amount to a money judgment against the Halims in favor of CES pursuant to 740 ILCS §160/9 because the Halims are a "first transferee" of a fraudulently transferred asset. *See APS Sports Collectibles Inc. v. Sports Time, Inc.*, 299 F.3d 624, 630 n.2 (7th Cir. 2002) (liability under the Uniform Fraudulent Transfer Act based on status as a "first transferee" may make an insider of a corporation liable for the corporation's debts even if the insider is not found personally liable for the corporation's actions). So while Wilmette (and WR

as successor-in-interest to Wilmette) owes interest on the state court judgment under Illinois law, the Halims are liable for those same amounts not because the Halims are personally liable for the judgment, but because the Halims are the first transferees of assets of Wilmette that are more than sufficient to satisfy Wilmette's obligations on that judgment. *See Apollo Real Estate Inv. Fund IV, L.P. v. Gelber*, 403 Ill. App. 3d 179 (Ill. App. 2010) ("An action brought pursuant to the [IFTA] directly concerns the assets of the judgment debtor and imposes liability based on the value of the transferred assets."); *Kennedy v. Four Boys Labor Serv., Inc.*, 279 Ill. App. 3d 361, 369 (Ill. App. 1996) ("[An IFTA] action does not concern personal liability; rather, it attempt to avoid the transfer and seeks the actual assets transferred.") Magistrate Judge Denlow correctly determined that for purposes of the R&R, WR and the Halims should be considered jointly and severally liable for the *amounts* owed. The basis for the liability is not the same between the two Halims, on the one hand, and WR, on the other hand, but Magistrate Judge Denlow's R&R properly started with the presence of liability and proceeded to recommend the amount of the damages owed.

IV. *Objection: over-calculation of pre-judgment interest (Halim Objection #4).*

The Halims object to Magistrate Judge Denlow's recommended calculation of pre-judgment interest in the amount of $413.86 *per diem* from the date of entry of the state court judgment until entry of final judgment in this matter because (1) the interest calculation includes the first day of the state court judgment, which inclusion the Halims contest as improper under the Illinois statute governing computation of time (815 ILCS 205/10) and (2) the interest calculation assumes a 365-day year instead of calculating the portion of the interest during a partial year by months and 30-day increments. The total discrepancy between Magistrate Judge

Denlow's calculation and the Halims' alternative calculation is $648.48 of more than $400,000 total interest due.

Any objection to the *per diem* method of calculation of the interest on the state court judgment has been waived by the Halims. As part of their argument in response to CES' original fee petition, the Halims explicitly conceded that CES' calculation of $413.86 as the *per diem* interest rate on the state court judgment was correct under Illinois state law. *See* Docket No. 150, FN 6. Therefore, any objection to the *per diem* interest rate of $413.86 is overruled.

Since the Halims are technically correct that the calculation of interest following a judgment should begin the day following the entry of the judgment, the Court reduces the interest award by one day, or $413.68.

V.   *Objection: segregation of fees (Halim Objection 6, 7; WR Objection 3).*

Finally, both the Halims and WR object to Magistrate Judge Denlow's failure to segregate the fees between the various Defendants. The Court agrees with Magistrate Judge Denlow's determination that the fees should not be segregated among the Defendants.

Magistrate Judge Denlow found correctly that the claims against WR, the Halims and the Trusts were so intertwined throughout this case that segregation of fees is not required under Texas law. First, the same factual activities among the same individuals constituted the entirety of CES' claim against all Defendants. Intertwined facts alone would not stop the requirement that fees for non-recoverable claims be segregated. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). But in this case the claims for which attorney's fees would not be allowed are part and parcel of the facts for proving the claims for which they would be allowed. *See CubicEnergy, Inc. v. Clifton H. Kees, Jr.*, 2004 Tex. App LEXIS 8350 (Tex. App. Sept. 16, 2004) (segregation not required when the claims for which fees are allowed are "so intertwined

8

or so integrally related or so dependent upon the same facts" as the claims for which fees not allowed). WR and the Halims shared counsel through the summary judgment portion of this case, and filed all pleadings against all claims jointly. WR never obtained its own counsel to concede successor liability, and never paid the state court judgment incurred against Wilmette. This is precisely the type of representation that fits the exception to rule of segregation. Any objections to Magistrate Denlow's determination that the Texas exception to segregation of fees applies in this action is overruled.

## CONCLUSION

For the reasons stated herein, the objections to Magistrate Judge Denlow's R&R are overruled and the R&R is adopted in its entirety, except for a reduction of $413.86 in the interest owed.

With respect to the Halims' Motion to Strike, it bears noting that many of the Halims' objections to the R&R come very close to arguing that the Halims cannot be required to pay the state court judgment with fraudulently transferred assets absent a finding of alter-ego between the Halims and Wilmette. As pointed out in Part III of CES' response brief, the Halims' argument that they cannot be liable for the amounts owed to CES by Wilmette/WR essentially asks this Court to reopen the summary judgment briefing as to the alter-ego count of CES' complaint, which had been mooted by this Court's rulings on fraudulent transfer and successor liability. The Halims and the Trusts have moved to strike the arguments of CES with respect to the continued viability of Count III. Because the amounts owed to CES by the Halims in this action are independent of the fraudulent transfer liability of the Halims to Wilmette, the motions to strike are denied as moot.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 25, 2013